IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
02 DEC 27 AM 10: 07
TX EASTERN - BEAUMONT
BY _____

| | | |
|---|---|---|
| HEATHER MANSHACK, Individually<br>And as Next Friend of QUINTIN FLEMING,<br>KATELYN FLEMING, and JAKOB<br>MANSHACK, Minors,<br><br>  Plaintiff,<br><br>v.<br><br>GLENN H. LYTLE, M.D.,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. __1:02CV0843__<br><br>**JURY DEMANDED** |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW,** Heather Manshack, Individually and as Next Friend of Quintin Fleming, Katelyn Fleming, and Jakob Manshack, Minors ("Plaintiff"), and complains of Glenn H. Lytle, M.D. ("Defendant"), and for cause of action would respectfully show this Court as follows:

**1.00   PARTIES**

   1.01   Plaintiff is a citizen of the State of Texas.

   1.02   Defendant Glenn H. Lytle, M.D. ("Dr. Lytle") is a citizen of the State of Oklahoma may be served with process at 2806 Desirae Drive, Chickasha, Oklahoma 73018.

**2.00  STATUTORY NOTICE**

2.01  On or about December 17, 2002, Plaintiff provided notice to Defendant Dr. Lytle pursuant to Tex. Rev. Civ. Stat. Ann. Art. 4590i § 4.01 (Vernon Supp. 2002) that Plaintiff intended to assert a health care liability claim arising out of the medical care rendered to Heather Manshack.

**3.00  JURISDICTION AND VENUE**

3.01  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the Plaintiff, who is a citizen of the State of Texas and the Defendant, who is a citizen of the State of Oklahoma.

3.02  This Court has personal jurisdiction over Defendant pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.042(2) because he committed a tort in the State of Texas.

3.03  Venue is appropriate in this District under 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**4.00  STATUS OF PARTIES AND DUTIES**

4.01  At the time of the acts and omissions giving rise to this cause of action, Defendant Dr. Lytle was a physician practicing medicine in the State of Texas, who represented to the Plaintiff and the public at large that he was a duly licensed, competent medical doctor.

**5.00  STATEMENT OF FACTS**

5.01  On or about May 30, 2002, Heather Manshack presented to Cleveland Regional Medical Center in Cleveland, Texas where Defendant Dr. Lytle was to perform a laparoscopic cholecystectomy. Heather Manshack was previously diagnosed by ultrasound to have gallbladder stones.

5.02   During the procedure, Defendant Dr. Lytle clipped and transected the common bile duct instead of the cystic duct. This was a serious error as there was nothing in Heather Manshack's symptoms, signs, or operative findings that justified this error. Dr. Lytle suspected that he had done something wrong and converted the operation to an open procedure. Upon opening the patient, it became obvious that he had transected the common bile duct by mistake. He then performed an intraoperative cholangiogram, which further confirmed his error.

5.03   Dr. Lytle had not received adequate training and did not have adequate experience in repair of the common bile duct. Dr. Lytle either failed to recognize the difficulty and high-risk nature of such a repair, or decided to take the risk at Heather Manshack's expense. Instead of preparing Ms. Manshack for transfer to a tertiary facility where she could be treated by surgeons experienced in such repair, he decided to attempt the repair himself.

5.04   In his discharge summary, Dr. Lytle admitted that his actions will put Heather Manshack at risk for biliary stricture and further surgeries.

5.05   Heather Manshack's prognosis is disheartening. To a reasonable degree of medical certainty, the biliary reconstruction performed by the Defendant will most likely fail, and Heather Manshack will develop biliary stricture and associated liver dysfunction. She most likely will require additional operative repair of the bile duct. The success rate of subsequent reconstructions is substantially reduced. She will also be subjected to further hospitalizations and repeated radiologic procedures. Additionally, Heather Manshack will suffer ongoing illness that will involve bouts of biliary infection which will cause liver damage.

**6.00 CLAIMS FOR RELIEF**

6.01 Defendant, Glenn H. Lytle, M.D., in the course of rendering medical care and treatment to Heather Manshack, committed acts and/or omissions which constitute negligence as that term is defined by law, including, but not limited to:

a. Failing to timely and appropriately examine and evaluate Heather Manshack's medical condition;

b. Failing to recognize the difference between the cystic duct and the common bile duct;

c. Failing to perform a cholangiogram before clipping and cutting the common bile duct;

d. Failing to clip and transect the cystic duct and instead, clipping and transecting the common bile duct;

e. Failing to recognize his lack of training and experience in repairing a damaged common bile duct;

f. Failing to recognize the high-risk nature of common bile duct repair and/or proceeding with such procedure in conscious disregard of such risk;

g. Failing to consult and/or seek the intervention of a surgeon experienced in repairing the common bile duct, or transferring Heather Manshack to a facility with this capability;

h. Failing to drain the right upper quadrant of Heather Manshack's abdomen and send her to a nearby tertiary medical center for appropriate treatment;

i. Failing to properly repair Heather Manshack's common bile duct; and

j. Failing to perform a completion cholangiogram.

6.02   The negligent acts and/or omissions set out above, when viewed, separately and/or jointly, objectively from the standpoint of the actor at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, particularly to Heather Manshack. Defendant Dr. Lytle had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety or welfare of Heather Manshack. Such conduct amounts to gross neglect and/or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages.

6.03   The above acts, omissions, and conduct were each, jointly and separately, a proximate cause of the injuries sustained by Heather Manshack.

**7.00   DAMAGES**

7.01   As a direct and proximate result of the negligent acts and/or omissions of the Defendant as set out above, Heather Manshack has suffered, and in all reasonable medical probability will, for the remainder of her life, continue to suffer, physical pain, mental anguish, physical impairment, and disfigurement including failed reconstruction by the Defendant, additional surgeries with low prognosis of success, and ongoing illnesses and loss of quality of life. Plaintiff will also show that Heather Manshack will suffer permanent loss of earning capacity for the remainder of her lifetime, and has suffered loss of enjoyment of life and in all reasonable probability, will continue to do so in the future. Further, Plaintiff will show that in reasonable medical probability, Heather Manshack has incurred in the past and will incur medical expenses throughout the remainder of her life. All of the above have resulted in damages, which are within the jurisdictional limits of this Court, for which Plaintiff now pleads, jointly and severally, against the Defendant.

7.02    Plaintiff Heather Manshack believes and alleges that she has been greatly injured and damaged in an amount within the jurisdictional limits of this Court for which she now pleads against Defendant.

7.03    As a proximate result of the negligent acts and/or omissions of Defendant as set out above, Quintin Fleming, Katelyn Fleming and Jakob Manshack, Minors, have suffered the loss of advice and counsel of their mother, the loss of her services, loss of inheritance, and the loss of her financial contributions. In addition, Quintin Fleming, Katelyn Fleming and Jakob Manshack, Minors, have suffered mental anguish, loss of society and companionship of their mother, and loss of consortium. All of the above listed damages are within the jurisdictional limits of this court and it is for all of the above-listed damages that Plaintiff now pleads.

7.04    Plaintiff would show further that each and every negligent act and/or omission of the Defendant as set out in detail above, when viewed objectively from the standpoint of the act or at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others in that Defendant had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff, and as such, such conduct amounts to malice, as that term is defined by law, so as to give rise to an award of exemplary or punitive damages.

## 8.00    JURY DEMAND

8.01    Plaintiff demands a trial by jury.

## 9.00    RELIEF

9.01    Accordingly, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that, upon final hearing of this cause, Plaintiff have judgment of and from the Defendant as follows:

a. Judgment against Defendant on the actual damages;

b. Award of exemplary damages against Defendant Glenn H. Lytle, M.D.;

c. Pre-judgment interest as provided by law against Defendant Glenn H. Lytle, M.D.;

d. Post-judgment interest as provided by law; and

e. Costs of suit.

>Respectfully submitted,
>MORGAN & WEISBROD, L.L.P.
>
>*Les Weisbrod* *
>LES WEISBROD
>State Bar No. 21104900
>11551 Forest Central Drive
>Forest Central II, Suite 300
>Dallas, Texas 75243
>Telephone: (214) 373-3761
>Facsimile: (214) 739-4732
>
>**ATTORNEYS FOR PLAINTIFF**

\* by permission /s/

**PLAINTIFF'S ORIGINAL COMPLAINT** – Page 7
59204